I t CANNIZZARO, J.,
DISSENTS WITH REASONS.
I respectfully dissent.
*979 The issue before this Court is whether the workers’ compensation judge abused his discretion in dismissing Ms. O’Rourke’s case with prejudice when she failed to appear on the morning of trial. Although the majority enumerates several “equities” in reversing, I find none of them compelling enough to declare that the judge was manifestly erroneous or clearly wrong in his judgment.
Out of an abundance of caution and with a regard to fair play, the workers’ compensation judge vacated the judgment of dismissal and held an in person status conference with Ms. O’Rourke to consider her reasons for failing to appear at trial. The following facts are uncontested: 1) Ms. O’Rourke was injured in a work related accident; 2) she sustained a loss of earning capacity; and 3) she attended every other hearing in this matter. Additionally, the judge certainly considered Ms. O’Rourke’s advanced age and the fact that she was representing herself.
While the majority correctly points out that the record is deficient in some respects, nonetheless, the record does reflect, without equivocation, that notice of the trial date was served upon Ms. O’Rourke and that the defendant appeared at trial, but she, Ms. O’Rourke, did not. Given the opportunity to reconsider his ruling at the status conference, the workers’ compensation judge again concluded that Ms. O’Rourke had forfeited her day in court. Under these circumstances, I cannot say the workers’ compensation judge abused his discretion in dismissing UMs. O’Rourke’s suit with prejudice pursuant to La. C.C.P. art. 1672 A(l) as he was authorized to do so.